**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RITA SCHIAVONE WILSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-7144 |
| v. | : | |
| | : | |
| RIU HOTELS & RESORTS (RIUSA II, S.A.), | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ON MOTION TO DISMISS**

Baylson, J.                                                                          **July 29, 2011**

**I.      Introduction**

On December 7, 2010, Plaintiff Rita Schiavone Wilson ("Plaintiff") instituted an action

against Defendant, RIU Hotels & Resorts,[1] to recover damages for personal injuries she allegedly

sustained as the result of a "slip and fall" on Defendant's premises in Cabo San Lucas, Mexico.

(Compl., ECF No. 1.)  Presently before this Court is Defendant's Motion to Dismiss for Improper

Service and Lack of Personal Jurisdiction.[2]  (Mot. to Dismiss, ECF No. 10.)  For the reasons

discussed below, the Court will **grant** the Motion.

**II.     Factual Background and Procedural History**

The Court must construe the facts in the light most favorable to Plaintiff in ruling on a

12(b)(2) motion.  Plaintiff is a citizen of Pennsylvania.  (Compl. ¶ 1.)  Defendant Riusa II is a

---

[1]      Defendant is properly known as Riusa II, S.A., hereinafter "Riusa II" (Mot. to Dismiss, ECF No. 10, at 3.)

[2]      The Court will not address Riusa II's claim that Plaintiff's Complaint should be dismissed for insufficient service of process because of the conclusion that this Court does not have personal jurisdiction over the Defendant.

foreign corporation, headquartered in Mallorca, Spain.  (Id. ¶ 2.)  Riusa II owns and manages

hotel and resort properties, including Riu Palace Cabo San Lucas Hotel ("Riu Palace"), located in

Cabo San Lucas, Mexico, where the incident precipitating the instant action took place.  (Id. ¶¶ 4,

9.)

      Ms. Wilson asserts in her brief that she booked a vacation at Riu Palace online, through a

website operated by travel agency Apple Vacations.  (Pl.'s Resp. Br., ECF No. 12, at 2.)  She

checked in at Riu Palace on December 7, 2008.

      A few days later, on December 11, Ms. Wilson slipped and fell in the bathtub/shower in

her hotel room.  (Compl. ¶  8.)  As a result of the fall, Ms. Wilson injured her ribcage, lower

back, right hip, and leg.  (Id. ¶ 16.)  Ms. Wilson contends that Riusa II was negligent in creating

or allowing a slippery and dangerous condition to exist in the bathtub/shower of her hotel room.

(Id. ¶ 15.)  She brought this premises liability claim against Riusa II on December 7, 2010.

On May 2, 2011, Defendant filed the instant Motion to Dismiss for Improper Service and Lack of

Personal Jurisdiction.  Defendant filed two Affidavits of Marta Cerdan Bonnemaison, Associate

General Counsel for Riusa II, in support of its motion.[3]  (ECF No. 10-1.)  Plaintiff filed a

response brief in opposition to the Motion on May 20, 2011.  Plaintiff did not submit any

supporting affidavits.  Defendant submitted a reply brief in further support of its motion on April

20, 2011.  (Def.'s Reply Br., ECF No. 14.)

### III.    Basis of Federal Jurisdiction

      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332

---

[3]    Only one affidavit of Bonnemaison is related to the personal jurisdiction issue,
hereinafter "Bonnemaison Aff."

because the matter in controversy exceeds $75,000, exclusive of interests and costs, and the

parties are citizens of different states.  Plaintiff is a citizen of Pennsylvania and Defendant is a

Spanish corporation with headquarters in Mallorca, Spain.  (Compl. ¶¶ 1,2.)

**IV.**   **Parties' Contentions**

Defendant contends that this Court lacks personal jurisdiction over it as a nonresident

corporation with limited Pennsylvania contacts, and that Plaintiff has not satisfied her burden of

establishing the requisite jurisdictional facts in this case.  (Mot. to Dismiss at 5-8.)  Riusa II

posits that there is no basis for specific jurisdiction because Plaintiff's claim does not arise from

any activities in the Commonwealth of Pennsylvania; rather, it is based on Plaintiff's slip and fall

in Mexico.  (Id. at 7.)  Riusa II also argues that it is a foreign company targeting international

clientele, and that the company has not engaged in continuous and systematic activities in

Pennsylvania sufficient to warrant the exercise of general jurisdiction.  (Id. at 3, 9.)

Plaintiff responds that Riusa II has met the minimum threshold of contact with

Pennsylvania to permit this Court to exercise specific personal jurisdiction.  (Pl.'s Resp. Br. at 5.)

She contends that this Court has personal jurisdiction over Riusa II because Defendant

deliberately targeted Pennsylvania in marketing Riu Palace, one of its hotels.  (Id. at 7.)  Plaintiff

cites three jurisdictional contacts which she maintains establish jurisdiction: Defendant's

distribution of brochures, which include a toll-free telephone number, to travel agencies within

Pennsylvania; Defendant's provision of marketing materials to travel agency Apple Vacations for

use on its website; and Defendant's maintenance of a website (www.riu.com), accessible to

Pennsylvania residents.  (Id. at 6-7.)  Plaintiff argues that these contacts are a but-for cause of her

injuries.  (Id. at 7.)  Further, she maintains that because Riusa II is unable to present a compelling

case that litigation in the state would be unreasonable and unfair, this Court can maintain the present action. (Id. at 8.) Plaintiff implies that general jurisdiction also exists over Riusa II by asserting that the company engaged in systematic and continuous contact with the Commonwealth. (Id. at 5.)

Riusa II counters Plaintiff's argument that Defendant deliberately targeted the Commonwealth by asserting that the contacts cited by the Plaintiff were in fact directed more generally towards United States, and not towards Pennsylvania in particular. (Def.'s Reply Br. at 2.) Further, Riusa II maintains that marketing activities of travel agencies do not establish that Defendant itself deliberately targeted the forum state. (Id. at 3.)

## V.   **Legal Standard**

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving that jurisdiction is proper by "affidavits or other competent evidence." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 329 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1285, 1302 (3d Cir. 1996)). When the court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (quoting Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)). The plaintiff presents a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank East (PSFS), Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987)).

In ruling on a 12(b)(2) motion, the Court is required to take all of plaintiff's allegations as

true and to resolve all factual disputes in plaintiff's favor.  Metcalfe, 566 F.3d at 329 (quoting

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)).  Nevertheless, "at no

point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made,

plaintiff must respond with actual proofs, not mere allegations."  Time Share Vacation Club v.

Atl. Resorts, Ltd., 735 F.2d 61, 68 n.9 (3d Cir. 1984) (citation omitted).

Federal Rule of Civil Procedure 4(k)(1) authorizes a federal district court to exercise

personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state

where that court sits.  Mellon Bank, 960 F.2d at 1221.  To determine whether the exercise of

personal jurisdiction over a nonresident defendant is appropriate, the court engages in a two-part

inquiry.  Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d. Cir

2010).  First, the law of the forum state must provide a statutory basis for exercising jurisdiction

over the defendant.  Id.  Second, the defendant must have sufficient minimum contacts with the

forum state in order to comport with the Due Process Clause of the Constitution.  Id.  In

Pennsylvania, where this Court sits, the long-arm statute authorizes jurisdiction to the fullest

extent allowed under the Constitution of the United States.  42 Pa. Cons. Stat. Ann. § 5322(b).

Therefore, this two-step process collapses into one step.

The "minimum contacts" required for personal jurisdiction may be either "specific or

"general."  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 414 nn. 8-9

(1984).  "[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected

with, the very controversy that establishes jurisdiction.'"  Goodyear Dunlop Tires Ops., S.A. v.

Brown, 131 S. Ct. 2846, 2851 (2011) (quoting von Mehren & Trautman, Jurisdiction to

Adjudicate: A Suggested Analysis, 27 Harv. L. Rev. 1121, 1136 (1966)).[4]  In contrast, general

jurisdiction is appropriate where the defendant's "continuous and systematic" contacts with the

forum state "render them essentially at home in the forum state."  Goodyear Dunlop, 131 S. Ct. at

2851.  General jurisdiction can exist over matters unrelated to the defendant's forum-based

activities.  Metcalfe, 556 F.3d at 334.

**VI.**      **Discussion**

Plaintiff has not met her burden of establishing a prima facie case that either specific or

general personal jurisdiction exists over Riusa II.  Bare allegations are not sufficient to make a

prima facie showing that personal jurisdiction is proper.  Time Share Vacation Club, 735 F.2d at

68.  Plaintiff did not allege any jurisdictional contacts that would establish personal jurisdiction

in her Complaint.  In the face of Defendant's jurisdictional challenge, supported by competent

evidence, Plaintiff has not supported the averments in her brief that Riusa II had sufficient

minimum contacts with Pennsylvania with affidavits or other proof.  "References in a brief,

unsupported by affidavit, are not properly before the Court as 'facts' evidencing contact for

jurisdictional purposes."  Peek v. Golden Nugget Hotel & Casino, 806 F. Supp. 555, 558 (E.D.

Pa. 1992) (Bartle, J.).

Evaluating the allegations in Plaintiff's brief, while recognizing that they are unsupported,

it appears that even if this Court were to consider these unsupported allegations as true, the

contacts cited by Plaintiff are insufficient to support the exercise of personal jurisdiction over

Defendant.  Plaintiff's vague allegations do not establish either that Riusa II deliberately targeted

---

[4]       In Goodyear Dunlop, the Supreme Court held that a North Carolina state court
lacked personal jurisdiction over a foreign subsidiary of a United States parent company in a
wrongful death action arising from a bus accident in France.

the Commonwealth, as required for specific jurisdiction, or that the company maintained systematic and continuous contact with Pennsylvania such that the exercise of general jurisdiction is warranted.

### A.     Specific Jurisdiction

The exercise of specific jurisdiction is appropriate in cases where the plaintiff's claim arises from the defendant's jurisdictional contacts.  Helicopteros, 466 U.S. at 414.  The Third Circuit has developed a three-part analysis to determine whether specific jurisdiction exists. O'Connor, 496 F.3d at 318.  First, "the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum."  Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  To satisfy this step, the defendant needs to have purposeful contact with the forum, although physical entry into the forum is not required.  Id.  Second, the litigation must arise out of or relate to at least one such contact.  Id. (quoting Helicopteros, 466 U.S. at 414).  A "meaningful link" must exist "between a legal obligation that arose in the forum and the substance of the plaintiff's claims."  Id. at 324.  Lastly, the court may consider whether "the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).  The burden shifts to the defendant once the requisite "minimum contacts" have been established to present a compelling case that the exercise of jurisdiction would be unreasonable.  O'Connor, 496 F.3d at 324.

Plaintiff does not allege any facts in her Complaint that would permit this court to exercise specific jurisdiction over Riusa II.  She does not allege in her Complaint that Defendant has had any purposeful contact with Pennsylvania.  Accordingly, she does not allege that her

claim is at all related to Defendant's contact with the Commonwealth.

In her brief, however, which the Court repeats is unsupported by evidence, Plaintiff asserts that Riusa II has deliberately targeted the forum such that specific jurisdiction is appropriate, and avers that her claim arises out of three of Riusa II's Pennsylvania contacts. Specifically, Plaintiff alleges that Riusa II purposefully availed itself of the privilege of conducting activities within Pennsylvania by distributing brochures to travel agencies within the Commonwealth; providing marketing materials to one travel agency in particular, Apple Vacations, for use on that company's website; and through Riusa II's maintenance of it's own website, www.riu.com, which is accessible to Pennsylvania citizens.  (Pl.'s Resp. Br. at 6-7.)  The Court will evaluate each of Plaintiff's assertions.

First, Plaintiff avers that Riusa II provided brochures, which list a toll-free telephone number, to travel agencies within Pennsylvania.  (Id. at 6.)  Although Riusa II maintains and promotes a toll-free telephone number, Plaintiff does not assert in her brief that she ever utilized it.  Plaintiff's claim, therefore, cannot arise from the existence of the toll-free number, and this contact cannot factor into the court's specific jurisdiction analysis.  See Cody v. Tyler Place, No. 05-CV-02271, 2007 WL 2022086, at *6 (E.D. Pa. July, 10, 2007) (Gardner, J.) (refusing to consider newspaper advertisements which plaintiff did not read or rely upon in its specific jurisdiction analysis).

Plaintiff does maintain that she relied on Defendant's printed brochures in making her decision to stay at Riu Palace, but the presence of these brochures at travel agencies within Pennsylvania does not establish specific personal jurisdiction over Riusa II.  "Typically, contractual or advertising contacts with the forum state will not give rise to specific personal

jurisdiction over defendants charged with tortious injury occurring outside of the state." Id. at *5. This Court has repeatedly recognized that advertisements must be directed to a particular forum in order to establish jurisdiction.  Id.; see Hlavac v. DGG Props., No. Civ. A. 04-6112, 2005 WL 839158, at *7 (E.D. Pa. Apr. 8, 2005) (Yohn, J.) (noting that "defendant's advertising must specifically target local residents" for the Court to assert specific jurisdiction); Zameska v. Seguros ING Commercial Am., S.A. de C.V., No. Civ. A. 04-1895, 2005 WL 525561 (E.D. Pa. Mar. 3, 2005) (Bartle, J.) (holding that advertisements in national newspapers and magazines are insufficient to establish jurisdiction).

In Wims v. Beach Terrace Motor Inns, Inc., Judge VanArtsdalen concluded that specific personal jurisdiction did not exist over a New Jersey hotel for a premises liability claim brought by Pennsylvania residents.  759 F. Supp. 264, 269 (E.D. Pa 1991).  Although Beach Terrace directly mailed promotional brochures to over 1,000 Pennsylvania residents, the hotel sent brochures to potential customers along the east coast from Canada to Maryland.  Id. at 266.  The Court determined that specific jurisdiction was inappropriate because defendant's advertising efforts were not "clearly aimed clearly aimed at inducing Pennsylvania residents to travel to its facility." Id. at 269.  Judge VanArtsdalen distinguished the facts of Beach Terrace from another case, Busch v. Sea World of Ohio, in which extensive print, television, and radio ads, combined with the distribution of discount coupons in Pennsylvania, gave rise to specific jurisdiction.  Id. at 269 (citing Busch v. Sea World of Ohio, 95 F.R.D. 336 (W.D. Pa 1982)).

Here, Plaintiff has an even weaker argument that specific jurisdiction exists over Riusa II based on the company's marketing efforts than the plaintiff in Wims.  In Wims, the court held that no personal jurisdiction existed over a hotel in neighboring New Jersey after defendant

directly mailed brochures to Pennsylvania citizens.  Here, Defendant is a foreign corporation operating a hotel in Mexico, and Plaintiff has not asserted that the company directly mailed brochures to potential customers in the Commonwealth.  Further, Plaintiff has not asserted that Riusa II specifically targeted Pennsylvania residents by providing brochures to travel agencies specifically within the Commonwealth or the region.  It is unknown whether Riusa II distributed brochures locally or to travel agencies nation-wide.  Without evidence that Defendant sought to attract Pennsylvania residents in particular to its resorts, the mere provision of brochures to a third party within Pennsylvania is insufficient to establish specific jurisdiction over Riusa II.

Second, Plaintiff asserts in her brief that specific jurisdiction is appropriate because Riusa II furnished marketing materials to travel agency Apple Vacations, for use on that company's website.  (Pl.'s Resp. Br. at 7.)  In her brief, Plaintiff maintains that she booked her vacation at Riu Palace through the Apple Vacations website, although she does not specify what information Riusa II provided to the travel agency.  (Id.)  Like Plaintiff's first averment, that Riusa II provided information to a travel agency in the United States for promotional purposes does not establish specific jurisdiction over Riusa II.  Regardless of whether this information is disseminated through paper, as with the brochures, or electronically through a website, Plaintiff needs to demonstrate that Riusa II specifically targeted this forum, which she has not done.  Plaintiff admits in her brief that the Apple Vacations website is available beyond Pennsylvania to other U.S. citizens.  (Id.)  Without information establishing, for example, that Riusa II worked with a regional branch of Apple Vacations to market the site to Pennsylvania, that Riusa II gave information for use on the Apple Vacations, is insufficient to support the exercise of specific jurisdiction.

Third, Plaintiff asserts that Riusa II deliberately targeted Pennsylvania by maintaining an English-language website that is accessible to Pennsylvania citizens.  (Id. at 6-7.)  However, Plaintiff does not maintain that she ever visited this website, and argues in her brief that she decided to stay at Defendant's resort only as a result of viewing Riusa II's brochures and the marketing materials on the Apple Vacations website provided by Riusa II.  (Id. at 7.)  Therefore, this Court cannot conclude that specific jurisdiction is appropriate based on Defendant's website, although the website factors into the Court's general jurisdiction analysis.  See Cody, 2007 WL 2022086, at *6.

Plaintiff relies on O'Connor v. Sandy Lane Hotel in asserting that specific jurisdiction is warranted because her injuries (and, therefore, her claim) arise out of Defendant's marketing activities in the Pennsylvania.  She notes that but-for the brochures and marketing information that Riusa II supplied to travel agencies within Pennsylvania, she would never have stayed at Riu Palace, and never would have been injured from her slip-and-fall in the shower.  This reliance is misplaced.

In O'Connor, the plaintiff was injured after getting a massage at his hotel in Barbados. 496 F.3d at 316.  He entered into a contract with the hotel for spa services prior to his arrival, as a result of receiving a brochure featuring such services, and engaging in a series of phone calls with the hotel's staff.  Id.  The Third Circuit held that the plaintiff's claims "directly and closely relate[d] to a continuing contractual obligation that arose in Pennsylvania," and held that there was personal jurisdiction over the foreign hotel.  Id. at 323.

O'Connor does not stand for the proposition that the specific jurisdiction can be established through any contact that is a but-for cause of the claim.  The Third Circuit in

-11-

O'Connor noted "specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test."  496 F.3d at 323.  The Third Circuit ultimately determined that the causal connection between the plaintiff's claim and the defendant's contact with the forum must be "intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable."  Id.

In Lingo v. Harrah's Entertainment, Inc., a Pennsylvania citizen brought a suit against a Las Vegas hotel after a slip-and-fall in the hotel shower.  No. 10-7032, 2011 WL 2621396, at *1 (E.D. Pa. July 1, 2011) (Surrick, J.).  Judge Surrick rejected the plaintiff's argument that specific jurisdiction was appropriate, pursuant to O'Connor, because her claim arose from defendant's promotional mailings to her in Pennsylvania.  Id. at *4.  Judge Surrick easily distinguished the facts of  O'Connor from the case at hand.  "Plaintiff's claim here does not arise out of any contract entered into in Pennsylvania.  The fact that Defendants sent Plaintiff an advertising mailer does not make Defendants subject to specific jurisdiction in Pennsylvania for any and all personal injuries that Plaintiff may sustain on Defendants' premises in Nevada. . . . The links in the chain of causation between Defendants' contacts and the asserted injury are too remote to find specific jurisdiction."  Id.

Likewise, in the instant case there was no contractual obligation formed in Pennsylvania prior to Plaintiff's injury as there was in O'Connor, and Plaintiff does not allege to have had contact with the resort prior to her arrival.  Further, as in Lingo, Riusa II never directly mailed information to Plaintiff to market its resort, instead providing information to third-party travel agencies.  Although Plaintiff alleges that Riusa II's Pennsylvania contacts are a but-for cause of her injuries, this does not automatically trigger jurisdiction, and in this case the causal connection

between Defendant's Pennsylvania contacts and Plaintiff's claim is too tenuous to support a finding of specific jurisdiction over Riusa II.

### B.    General Jurisdiction

A defendant must carry on "a continuous and systematic part of its business within [the] Commonwealth" in order for general jurisdiction to exist.  Provident Nat'l Bank, 819 F.2d at 437. "Contacts are continuous and systematic if they are extensive and pervasive."  Snyder v. Dolphin Encounters, Ltd., 235 F. Supp. 2d 433, 437 (E.D. Pa. 2002) (Brody, J.).  Proof of general jurisdiction must meet a "higher threshold" than specific jurisdiction which requires "extensive and persuasive" factual allegations.  Hlavac, 2005 WL 839158, at *3.

Plaintiff does not specifically argue that general personal jurisdiction exists over Riusa II. She does, however, imply that general jurisdiction exists when she asserts that the Defendant engaged in "continuous and systematic conduct within Pennsylvania," based on the three contacts alleged in her brief: Riusa II's distribution of brochures to travel agencies, provision of marketing materials to Apple Vacations, and maintenance of a website.  (Pl.'s Resp. Br. at 5); see Provident Nat'l Bank, 819 F.2d at 437.

Defendant argues that it does not have sufficient minimum contacts with Pennsylvania to warrant the exercise of general jurisdiction.  (Mot. to Dismiss at 7-9.)  Defendant's uncontested affidavit of Marta Cerdan Bonnemaison, Associate General Counsel for Riusa II, establishes that Riusa II owns no property, manages no hotels, and has no employees in Pennsylvania. (Bonnemaison Aff. ¶ 9.)  Further, Riusa II does not maintain any bank accounts in Pennsylvania, and has never been registered to conduct business within the state.  (Id. ¶¶ 10, 11.)  Thus, the traditional indicia supporting the exercise of general jurisdiction over a foreign corporation are

-13-

lacking.  See Evers v. Coryn Group, No. 08-CV-6032, 2011 WL 1666900, at *3 (E.D. Pa. May 3, 2011) (Ditter, J.) (holding that general jurisdiction was not present where the foreign corporation had no office, employees, address, assets, property, or bank accounts in Pennsylvania).

Judge Ditter of this Court previously held that general jurisdiction did not exist over foreign hotels based on the three types of contacts alleged by the Plaintiff.  Johnson v. Summa Corp. held that general jurisdiction did not exist over a Nevada hotel based on the maintenance of a toll-free telephone number, the presence of brochures in travel agencies within the Commonwealth, and direct mailing of a promotional brochure to the plaintiff.  632 F. Supp. 122, 126 (E.D. Pa. 1985).  Although "extensive" advertising efforts in the forum is sometimes considered continuous and substantial, in this case, Plaintiff's allegations do not establish that Riusa II's advertising efforts were extensive, or that they were targeted towards Pennsylvania. See Gavigan v. Walt Disney World, Inc., 646 F. Supp. 786, 788 (E.D. Pa. 1986) (Huyett, J.) (holding that Disney's marketing efforts, which included an extensive "Disney Salutes Philadelphia" campaign did establish general jurisdiction over defendant); Snyder, 235 F. Supp. 2d at 437.

Maintenance of a website which allows users to reserve accommodations at Defendant's resorts does not demonstrate that Riusa II has had systematic and continuous contact with Pennsylvania.  General jurisdiction "requires more than a recognition that a nonresident corporation has an 'interactive' web site."  Hurley v. Cancun Playa Oasis Int'l Hotels, No. 99-574, 1999 WL 718556, at *3 (E.D. Pa. Aug. 31, 1999) (Bartle, J.).  Further, Riusa II submitted evidence that the company's website is accessible worldwide in multiple languages, and not targeted at Pennsylvania.  (Bonnemaison Aff. ¶ 6.)  In sum, even if the Plaintiff were to

substantiate her allegations regarding Riusa II's contacts with the Commonwealth, they fall short of being "systematic and continuous," as required to establish general jurisdiction over Defendant.

**VII.**   **Conclusion**

For the aforementioned reasons, Defendant is not subject to personal jurisdiction in Pennsylvania.  Plaintiff has not requested leave to amend her complaint or to present evidence to rebut the evidence presented by Defendant.  Therefore, Defendant's Motion to Dismiss will be granted.

An appropriate Order will follow.

O:\Amy Laura\Wilson v. Riu Memorandum.wpd